UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GURNEY ALFRED                                       CIVIL ACTION

VERSUS                                                 NO. 14-298-SDD-RLB

STATE OF LOUISIANA
DEPT. OF CORRECTIONS

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 29, 2014.

                                                         RICHARD L. BOURGEOIS, JR.
                                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GURNEY ALFRED                                              CIVIL ACTION

VERSUS                                                        NO. 14-298-SDD-RLB

STATE OF LOUISIANA
DEPT. OF CORRECTIONS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion for Leave to File Amended Complaint (R. Doc. 9), filed on October 23, 2014. Defendant filed an Opposition (R. Doc. 10). Plaintiff filed a reply without leave of court. (R. Doc. 11). For the reasons discussed below, Plaintiff's Motion should be granted.

**I.     BACKGROUND**

On May 15, 2014, Plaintiff filed his Complaint alleging various claims for retaliation, racial discrimination, hostile work environment, and wrongful termination. (R. Doc. 1). Plaintiff was employed by the Louisiana Department of Corrections and worked as a correctional officer at the Louisiana State Penitentiary in Angola, Louisiana. Plaintiff claims that his white coworkers used racially derogatory language toward him and that he was ultimately denied promotion based on his race.

The Complaint alleges that the following punitive actions were taken against Plaintiff by his supervisors:

    a)     retaliation for filing an E.E.O.C. complaint in June of 2010, formal charge September of 2010;

    b)     retaliation for filing grievances in May of 2010;

1

> c) retaliations for filing reports of racially derogatory remarks made by a co-worker in 2008;
>
> d) retaliation for reporting harassment;
>
> e) retaliation for reporting verbal abuse from a fellow co-worker;
>
> f) racial discrimination in promotion practices;
>
> g) hostile working environment based on race as evidenced by comments made by co-workers with no disciplinary action being taken by supervisors[; and]
>
> h) wrongful termination [as a] result of retaliatory actions of supervisors and racial discrimination.

(R. Doc. 1 at 3-4). The Complaint includes a Charge of Discrimination form signed by Plaintiff on February 8, 2011 and a "Right to Sue" letter from the U.S. Equal Employment Opportunity Commission ("EEOC") dated February 14, 2014. (R. Doc. 1 at 5-6). Plaintiff alleges the Court has jurisdiction over the Complaint pursuant to these documents. (R. Doc. 1 at 1).

On October 3, 2014, Defendant filed a Motion for Partial Summary Judgment arguing that the Complaint should be dismissed based upon the doctrine of *res judicata*. (R. Doc. 6). Plaintiff filed an earlier discrimination action in this Court on December 26, 2012. (R. Doc. 6-3).[1] The Court granted summary judgment to Defendant and dismissed the 2012 action. (R. Docs. 6-4, 6-5).[2] Defendant's instant motion for summary judgment argues that Plaintiff's instant claims "are barred by res judicata since [Plaintiff] filed suit alleging the same facts and claims against the same defendant [in the 2012 action] and the judgment in the first final suit is a final judgment based on the merits of the case and rendered by a Court of competent jurisdiction." (R. Doc. 6 at 2). Defendant's motion for summary judgment is pending before the district judge.

---

[1] *See Alfred v. Louisiana*, 12-cv-801-JJB-SCR (M.D. La. Dec. 26, 2012), ECF No. 1.

[2] *See Alfred v. Louisiana*, 12-cv-801-JJB-SCR (M.D. La. May 27, 2013), ECF Nos. 37, 38.

On October 23, 2014, Plaintiff filed the instant motion to amend (R. Doc. 6), which has been referred to the undersigned for resolution. Plaintiff concedes that some of the claims alleged in the Complaint were decided in the 2012 action. (R. Doc. 9 at 1). Plaintiff claims that his proposed Amended Complaint removes all previously adjudicated claims and only retains the retaliation claim authorized by the February 14, 2014 "Right to Sue" letter. (R. Doc. 9 at 1; R. Doc. 11).

Defendant argues that Plaintiff's motion should be denied because "Plaintiff's attempt to amend his complaint is futile." (R. Doc. 10 at 3). In other words, Defendant argues that the claims found in the Amended Complaint are subject to res judicata and, therefore, do not cure the defects of the original Complaint. (R. Doc. 10 at 1-2).

## II. LAW AND ANALYSIS

Because Plaintiff filed his motion for leave before the Court set deadlines for amending pleadings, the standard found in Rule 15 of the Federal Rules of Civil Procedure for amending pleadings applies to this Motion.[3] Under Rule 15, after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny

---

[3] When a party seeks to amend the pleadings beyond the date set by a scheduling order, "good cause" for allowing the amendment must be shown pursuant to Rule 16 of the Federal Rules of Civil Procedure. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). Here, the Court extended the deadline to amend the complaint as set by the scheduling order and Plaintiff filed his motion for leave within that deadline. Accordingly, Rule 16 does not apply to this Motion.

a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).

In determining whether to grant leave, the court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Nonetheless, a decision to grant leave is within the sound discretion of the court, even if reasons to deny leave exist. *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir.1985). Likewise, "if the district court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial." *Id.* (internal quotations omitted).

Denial of leave to amend on the basis of futility is "premised ... on the court's evaluation of the amendment as insufficient to state a claim" upon which relief could be granted. *Shaw*, 772 F.2d at 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," applies to determining futility. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 873 (5th Cir. 2000) (internal quotations omitted); *see also* Fed. R. Civ. P. 12(b)(6) (defendant may move to dismiss for "failure to state a claim upon which relief can be granted"). A proposed complaint is legally insufficient "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. Nat'l Football League Props., Inc .*, 151 F.3d 247, 249 (5th Cir. 1998).

Here, Defendant has not argued that Plaintiff has acted with undue delay, bad faith or dilatory motive, or has repeatedly failed to cure deficiencies by allowed amendments. Moreover,

Defendant has not argued that it would suffer unjust prejudice if the amendment is allowed. Instead, Defendant argues that the motion to amend should be denied because the amendment is futile. Defendant's argument is premised on the legal conclusion that Plaintiff's retaliation claim pursuant to the February 14, 2014 "Right to Sue" letter is barred by the doctrine of *res judicata*. Defendant does not argue that the Amended Complaint fails to state a claim upon which relief could be granted.

The Court has reviewed the law, the parties' arguments, and the proposed Amended Complaint. The Amended Complaint does not add any new claims or parties. The Amended Complaint reduces the scope of claims in this action to a single claim for retaliation for filing a previous EEOC charge. This amendment does not prejudice Defendant. Plaintiff's retaliation claim was raised in the original Complaint and Defendant has moved for summary judgment on the claim. If anything, the Amended Complaint simplifies resolution of Defendant's pending motion for summary judgment.[4]

### III. CONCLUSION

#### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion for Leave to File Amended Complaint (R. Doc. 9) should be granted, and that Plaintiff's Amended Complaint (R. Doc. 9-2) should be filed into the record of this matter.

Signed in Baton Rouge, Louisiana, on December 29, 2014.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[4] If the Amended Complaint raises issues not addressed in support of Defendant's motion for summary judgment, Defendant should seek leave of court to submit any needed supplemental briefing.