**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

GURNEY ALFRED

VERSUS

STATE OF LOUISIANA
DEPT. OF CORRECTIONS

CIVIL ACTION NO.

14-298-SDD-RLB

**RULING ON DEFENDANT'S *MOTION FOR PARTIAL SUMMARY JUDGMENT***

Before the Court is a *Motion for Partial Summary Judgment*[1] filed by the Defendant, State of Louisiana, Department of Corrections ("DOC"). The Motion is opposed.[2] Although the Motion is styled as a Motion for Partial Summary Judgment, the relief requested is dismissal with prejudice, and the Court will address the Motion accordingly. For the reasons which follow, the Court will grant the Motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, Alfred Gurney, was employed as a corrections officer by the Louisiana Department of Corrections ("DOC") and worked at Louisiana State Penitentiary (hereinafter referred to as "LSP" or "Angola") in Angola, Louisiana. The Plaintiff was terminated on November 22, 2010 following which the Plaintiff filed an EEOC charge alleging race discrimination and retaliation for filing employment grievances.[3] After receiving a Right to Sue letter, Plaintiff filed suit against the State of Louisiana through the Louisiana Department of Corrections on December 26, 2012 alleging race discrimination and harassment based on race and retaliation ("First

---
[1] Rec. Doc. 18.
[2] Rec. Doc. 20.
[3] EEOC Charge #461-2010-01418, No. 3:12cv00801-JAB-SCR, USDC, Middle District Louisiana, Rec. Doc. 22-14.

1

Lawsuit").[4] The Plaintiff's first lawsuit was dismissed and judgment[5] entered in favor of defendant on May 27, 2014. Plaintiff has appealed the dismissal of his first suit, which appeal is pending.[6] Contending that the Plaintiff's claims in this case arise out of the same facts and present identical claims as his first suit, Defendant moves for dismissal on the ground of *res judicata*.

In this case, Plaintiff alleges that he was terminated in retaliation for filing a previous EEOC charge.[7] The timeline of the salient events is as follows:

| | |
|---|---|
| 06/01/2010 | Plaintiff lodges charges of race discrimination and retaliation with EEOC[8] ("First Charge"); |
| 11/22/2010 | Plaintiff's DOC employment is terminated[9]; |
| 02/08/2011 | Plaintiff files a second EEOC charge alleging race discrimination and alleges retaliation for filing the earlier EEOC charge[10]; |
| 10/02/2012 | EEOC issues "Right to Sue" on the First Charge; |
| 12/26/2012 | Plaintiff files first lawsuit (MDLA 3:12cv00801), alleging race discrimination and retaliation; |
| 02/14/2014 | EEOC issues "Right to Sue" on the second charge[11]; |
| 05/15/2014 | Plaintiff files captioned suit alleging race discrimination and retaliation for filing EEOC charge; and |
| 05/27/2014 | Court grants Summary Judgment in First Suit dismissing Plaintiff's claims.[12] |

---

[4] No. 3:12cv00801, USDC, Middle District Louisiana.
[5] No. 3:12cv00801, Rec. Doc. 38.
[6] No. 3:12cv00801, Rec. Doc. 44.
[7] Rec. Doc. 17.
[8] Note 3, *supra*.
[9] Rec. Doc. 17.
[10] EEOC Charge #461-2011-00488, Rec. Doc. 18-7.
[11] *Id.*
[12] No. 3:12cv00801, USDC, Middle District Louisiana, Rec. Doc. 37.

## II. LAW AND ANALYSIS

*Res Judicata* bars duplicative and redundant litigation involving the same parties and the same claims.[13] *Res Judicata* bars this suit if, as compared to the Plaintiff's first suit, "1) the parties are identical or in privity; 2) the judgment in the prior action was rendered by a court of competent jurisdiction; 3) the prior action was concluded by a final judgment on the merits; and 4) the same claim or cause of action [is] involved in both actions."[14] Importantly, "*res judicata* bars all claims that were brought *or* could have been brought based on the operative factual nucleus".[15]

The parties in this case and the Plaintiff's first suit are identical. The prior action was concluded by a final judgment in a court of competent jurisdiction.[16] The pendency of an appeal in the first suit does not change the result because even "[a] case pending appeal is *res judicata* and entitled to full faith and credit unless and until reversed on appeal".[17]

Attempting to avoid the bar of *res judicata*, Plaintiff argues that the claims made in the instant suit and his prior suits are different. Plaintiff argues that "[t]he first suit alleges racial discrimination and retaliation for filing internal grievances and complaints [but] the instant suit . . . is based on retaliation for filing the previous [EEOC] charge in 2010".[18] However, parties are precluded from re-litigating issues that were or could have

---

[13] *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).
[14] *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466-69 (5th Cir. 2013) (quoting *Test Masters Educ.Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir.2005)).
[15] *Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 938 (5th Cir. 2000).
[16] No. 3:12cv00801.
[17] *Comer,* 718 F.3d at 467, citing, *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.,* 510 F.2d 272, 273 (5th Cir.1975); see *United States v. Musingwear, Inc.*, 340 U.S. 36, 39 (1950).
[18] Rec. Doc. 20.

been raised in the prior action.[19]

The nucleus of operative facts underlying the captioned suit and the prior suit are the same. While the first suit was pending, Plaintiff filed a second EEOC charge and received a notice of right to sue. The complaint is the same: retaliation and race discrimination. In fact, Plaintiff briefed the claims he makes in this suit in opposition to summary judgment in his first suit.[20] In its *Ruling* in the prior action, the Court addressed and ruled upon Plaintiff's allegations that he was "retaliated against for filing internal grievance and two complaints with the EEOC".[21] The Court finds that the Plaintiff's claim of retaliation for filing EEOC charges was raised and ruled upon in the prior action. Notwithstanding which, all claims arising out of alleged adverse employment actions by his employer could and should have been raised in the prior suit and are therefore barred by *res judicata*.

## III. CONCLUSION

For these reasons, the Defendants Motion[22] is GRANTED and the captioned matter shall be dismissed with prejudice.

Signed in Baton Rouge, Louisiana on <u>April 20, 2015</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[19] "That the issue presented here was never decided in the former case does not signify; according to general theories of judicial estoppel, to which 'federal courts have traditionally adhered,' it is black-letter law that *res judicata,* by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983) (emphasis original) citing, *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).
[20] In Civ. Action No. 3:12cv00801, Rec. Doc. 27-2, Plaintiff admitted as undisputed the fact that he filed two EEOC charges and had received right to sue notices from the EEOC with respect to each.
[21] Civ. Action No. 3:12cv00801, Rec. Doc. 37, p. 10.
[22] Rec. Doc. 18.